IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID ALAN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:14-CV-03444-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff David Alan Smith's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease of the spine and spondylosis of the lumbar and thoracic spine, but retained the residual functional capacity ("RFC") to perform past relevant work as a restaurant manager, sound systems sales representative, and telemarketer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### **Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on June 26, 2012, alleging a disability onset date of October 31, 2007. Plaintiff's insured status expired on December 31,

2009.  Thus, the relevant time period in this case is from October 31, 2007, through December 31, 2009.

The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing, and on August 30, 2013, ALJ issued her decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on August 23, 2014, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

that supports it.  *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner,* 646 F.3d at 556.

## Discussion

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ: (1) failed to perform a psychiatric review technique; (2) improperly analyzed his credibility; and (3) erred in formulating his RFC.  These arguments are without merit.

**A.    The ALJ was not required to employ the psychiatric review technique.**

Plaintiff argues the ALJ erred at Step Two by failing to perform a psychiatric review technique ("PRT") to determine whether his mental impairments were severe.  Pl.'s Br. (Doc. 9) at 7-10.  The ALJ did not err because the record shows the ALJ had no reason to believe Plaintiff had a mental impairment.

The ALJ needs to perform a PRT only if a claimant has a medically determinable mental impairment during the relevant period.  *See* 20 C.F.R. § 404.1520a(b).  The relevant time period here is from October 31, 2007, to December 31, 2009, and all but one of the medical records Plaintiff cites to are from well outside this time frame.  The medical record that might be relevant is a medication review conducted in either 2006 or 2008; the handwritten notation listing the date is difficult to read.  R. at 296.  This note includes a diagnosis of depression, but it does not indicate any symptoms, nor are the relevant boxes checked indicating Plaintiff appeared depressed or anxious.  R. at 269.  Additionally, the ALJ asked both Plaintiff and his attorney during the hearing what impairments kept him working during the relevant period, and both responded with back issues.  R. at 27, 41.  Neither indicated mental impairments played any role

3

in his inability to work. Plaintiff did not suggest that he had a severe mental impairment until after he filed suit in federal court.[2] Consequently, the ALJ did not err in failing to perform a PRT. *See Nielson v. Barnhart*, 88 F. App'x 145, 147 (8th Cir. 2004) (affirming the ALJ's decision to not complete a PRT where the claimant did not mention depression as a basis for disability until the hearing and there was no discernable notation of depression in the record).

**B.     The ALJ's credibility assessment is supported by substantial evidence.**

Plaintiff contends the ALJ erred in evaluating his credibility because she mischaracterized his activities of daily living and failed to consider his extensive treatment and work history. Pl.'s Br. at 15-18.

As the Court has often observed, credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

The ALJ found Plaintiff's allegations were not entirely credible because his activities of daily living were inconsistent with his allegations and because the objective medical evidence did not support his claims. R. at 17-18. Granted, the ALJ did not discuss Plaintiff's work history, but the two reasons she gave for discounting his credibility are supported by substantial evidence on the record.

First, there is a lack of objective medical evidence in the record substantiating Plaintiff's allegations of disabling limitations. While Plaintiff has had more back treatment in recent years,

---

[2] The Court is not persuaded by Plaintiff's suggestion that he raised the issue by stating in his function report that he had trouble with concentration, sleeping, getting along with others, following instructions, handling stress, and reading. Read in the context of the rest of his claim, a reasonable person would believe he was alleging that these symptoms were byproducts of his back pain. Indeed, if Plaintiff truly believed these symptoms were related to a mental impairment, he would have mentioned some sort of mental impairment during the hearing when the ALJ asked.

4

Case 6:14-cv-03444-DGK   Document 16   Filed 02/24/16   Page 4 of 8

the evidence during the relevant time period is minimal.  R. at 259-77.  As the ALJ noted, this evidence shows Plaintiff had degenerative disc disease and spondylosis, and experienced pain when he was up and moving around but minimal pain when sitting.  R. at 16, 247.  The ALJ also observed that an examination performed shortly after Plaintiff's insured period ended showed normal range of motion in his cervical and lumbar spine, normal gait and station, normal reflex and sensory examinations, that he tolerated straight leg raise testing to 80 degrees, and that his paraspinous muscles were symmertric and he had normal tone without spasm.  R. at 17, 331.  These are not consistent with disabling limitations.  And while an ALJ may not discount allegations of disabling pain solely on the lack of objective medical evidence, it is a factor she can consider in determining a claimant's credibility.  *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding a lack of objective medical evidence is a proper factor to consider in assessing a claimant's credibility).

Second, the ALJ did not err in finding that Plaintiff's activities of daily living were inconsistent with his allegations.  Plaintiff could perform his personal care, watch television, read, go fishing, visit neighbors and family, do laundry, wash dishes, take care of a cat, shop, mow the grass with a riding lawn mower, and drive a car, and go outside about five times a week.  R. at 16, 37-38, 194-97.  And "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."  *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009).

The ALJ did not discuss Plaintiff's work history.  But after reviewing the record, the Court cannot say that if he had, it would have helped Plaintiff's case.  Although Plaintiff's work history can be seen as showing he has a genuine desire to work, Plaintiff testified that he worked part-time at a barbeque restaurant on a lake during the time he claims he was totally disabled.  R. at 16-17, 247.  This work is inconsistent with his allegations of disabling pain.  *Harris v.*

5

*Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("It was also not unreasonable for the ALJ to note that Harris's . . . part-time work [was] inconsistent with her claim of disabling pain.").

Since the ALJ gave good reasons for discounting Plaintiff's credibility, and these reasons are supported by the record, the Court must defer to the ALJ's credibility determination. *See Gregg*, 354 F.3d at 713.

**C.     The ALJ did not err in formulating Plaintiff's RFC.**

Finally, Plaintiff argues the ALJ erred in crafting Plaintiff's RFC because: (1) the medical evidence in the record does not support the RFC; and (2) she failed to provide an adequate discussion linking the evidence to her decision. Pl.'s Br. at 11-15. Neither argument is persuasive.

A claimant's RFC is based on the combined effects of all of his *credible* limitations. *See* 20 C.F.R. § 404.1545. In determining a claimant's RFC, the ALJ may consider a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p. It is the claimant's burden to prove his RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

Here, each of the limitations in the RFC is supported by the record. The ALJ found that Plaintiff could perform light work. R. at 15. This finding is consistent with Plaintiff's testimony that, during the relevant period, he could lift up to 20 pounds. R. at 41. *See* 20 C.F.R. § 404.1567(b) (defining light work as requiring lifting no more than 20 pounds). The ALJ also found that Plaintiff should avoid climbing ladders, ropes, or scaffolds. R. at 15. This is consistent with evidence showing Plaintiff had thoracic spondylosis and possible disc protrusion during the relevant period. R. at 275. The ALJ found that Plaintiff could only occasionally push and pull with his lower extremities. R. at 15. Plaintiff's history of back surgery and back

6

impairments supports this limitation, as does Plaintiff's statement that moving around aggravated his back pain, but he had minimal pain while sitting. R. at 247. The ALJ also found Plaintiff would require a sit/stand option allowing him to change positions every 30 minutes. R. at 15. This finding is supported by Plaintiff's testimony that he could sit for about 30 minutes at a time. R. at 51.

The ALJ's opinion also provided a sufficient narrative link between her RFC determination and the evidence. Although the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion and cite specific evidence, the ALJ need not follow each RFC limitation with a *list* of the specific evidence on which the ALJ relied. SSR 96-8p. Such a requirement is inconsistent with the standard of review which mandates the court's decision be based on "all of the relevant evidence." *Cf. McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (discussing the applicable standard of review). Imposing such a requirement would result in ALJs writing longer decisions containing duplicative discussions of the evidence, an exercise which would increase the amount of time it takes to write a decision without improving the quality of the decision. *Hilgart v. Colvin*, No. 6:12-03022-DGK, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013).

Almost three pages of the ALJ's decision is spent explaining how she formulated Plaintiff's RFC, including making credibility findings and discussing the evidence in the record. R. at 15-17. This provided a sufficient narrative bridge between the evidence and the RFC determination.

7
Case 6:14-cv-03444-DGK   Document 16   Filed 02/24/16   Page 7 of 8

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    February 24, 2016                     /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT